UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  (For Online Publication Only)
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
2:10-cr-00074-JMA-18

-against-

FILED
CLERK

JOSE GUSTAVO ORELLANA-TORRES,

4/3/2025 2:22 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Defendant Jose Gustavo Orellana-Torres moves, pro se, under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, for a reduction in sentence from 365 months' imprisonment to time served. (ECF Nos. 1787; 1799[1].) The Government opposes Orellana-Torres' motion. (ECF No. 1803.) For the reasons set forth below, Orellana-Torres' motion is DENIED.

## I. DISCUSSION

Under 18 U.S.C § 3582(c)(1)(A)(i), a district court may reduce a sentence when (1) "extraordinary and compelling reasons warrant such a reduction," (2) the court has "consider[ed] the factors set forth in 3553(a) to the extent that they are applicable," and (3) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The November 1, 2023 Amendments to U.S.S.G. § 1B1.13 clarify that "extraordinary and compelling reasons" are to be considered expansively, including, but not limited to, the defendant's health issues, age, family circumstances, the unusual length of the his sentence, and, in combination with those factors, his rehabilitation. The Commission's 2023 Amendment adopted the Second

---

[1] Mr. Orellana-Torres filed a supplemental motion letter requesting sentence reduction and appointment of counsel. (Id.)

Circuit's view in United States v. Brooker, holding unequivocally that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d Cir. 2020).

When considering a § 18 U.S.C. 3582(c)(1)(A) motion, a district court is not bound by a binary choice of immediate release or denial. "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area—as in all sentencing matters—is broad." Brooker, 976 F.3d at 237.

### A.     Exhaustion

A district court can only consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1) after the defendant has exhausted his administrative remedies with the BOP. See 18 U.S.C. § 3582(c)(1)(A) (stating that the Court may order a sentence reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .")

The Government contends that Orellana-Torres fails to comply with this requirement. (ECF No. 1803 at 7.) Specifically, the Government asserts that "there is no evidence, other than the defendant's own statements, that he notified the warden of the facility in which he is housed about his request for a reduction in sentence.[2]" (Id.) For his part, Orellana-Torres asserts that on

---

[2] The Government asserts that it "requested any records of such a request from the BOP, and it was informed that no such records exist. Thus, it appears that the Warden at FCI Fairton did not receive the defendant's request, if it was even made." (ECF No. 1803 at 5.)

2

March 8, 2024, he "handed [his] request to prison staff, Unit Manager Ms. Albona, to be delivered to the warden of this facility of F.C.I. Fairton." (ECF No. 1787 at 8; Id., Ex. A.) The Government suggests that this assertion is insufficient to establish exhaustion, as it does not have independent evidence that the warden received Orellana-Torres' request. (See ECF No. 1803 at 7.)

The Court finds that Orellana-Torres' submissions are sufficient to establish exhaustion. The Government cites no authority for its assertion that the Court may not order sentence reduction "because there is no evidence, other than the defendant's own statements, that he notified the warden of the facility in which he is housed about his request for a reduction in sentence." (Id.) Additionally, the Government is mistaken that the only evidence of Defendant's exhaustion is his "own statements," given that Orellana-Torres attaches his original request to the warden for sentence reduction, dated March 8, 2024. (See ECF No. 1787, Ex. A.) The Court finds that this exhibit, in conjunction with Orellana-Torres' representations that he "handed [his] request to prison staff" and did not receive a response within 30 days, is sufficient to establish exhaustion. See United States v. Resnick, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020) (applying an analogue of the "prisoner mailbox rule" to conclude that the 30-day clock for exhaustion began when Defendant "personally handed [his request for sentence reduction] to his counselor . . . This is typically the only mechanism by which an inmate can communicate with the warden's office.") (citing Houston v. Lack, 487 U.S. 266, 276, 282, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (defining the prisoner mailbox rule)); see also Hardy v. Conway, 162 Fed. Appx. 61 (2d Cir. 2006) ("in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.") Thus, the Court finds that Defendant establishes that he has exhausted administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

**B.  Sentence Reduction**

3

Although the Court finds that Orellana-Torres has exhausted his administrative remedies, the Court rejects his request for sentence reduction. Defendant asserts four "extraordinary and compelling reasons" for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i): (1) an unusually long sentence under U.S.S.G. § 1B1.13(b)(6); (2) rehabilitation; (3) sentencing disparities; and (4) mitigating historical personal circumstances. (See ECF No. 1787; ECF No. 1799.) For the following reasons, the Court finds that each of these arguments fails.

First, Defendant asserts that he satisfies U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). Although Orellana-Torres has indeed served at least 10 years of the term of his imprisonment, the Court disagrees that he received an unusually long sentence under this Section. The crux of Orellana-Torres' argument on this point is that due to change in the law, his "sentence would be substantially lowered if sentenced today in post First Step Act of 2023." (ECF No. 1787 at 9.) Not so. As the Government correctly points out, Defendant pled guilty to racketeering pursuant to 18 U.S.C. § 1962(c), for which there is no mandatory minimum, and a maximum penalty including life imprisonment. (See ECF No. 1803 at 8); United States v. Reynolds, No. 99-CR-520-13, 2023 WL 4086882, at *2 (E.D.N.Y. June 20, 2023) (observing that a racketeering conviction predicated on second-degree murder in New York, a violation of N.Y. Pen. Law Section 125.25, carries a maximum sentence of life imprisonment.) Thus, because Defendant's sentence "would be no different today than it was at the time of his conviction," the Court finds that he does not satisfy U.S.S.G. § 1B1.13(b)(6). United States v. Rivera Rodriguez, No. 12-cr-269-2, 2024 WL 4355031, *3 (S.D.N.Y. Sept. 27, 2024).

4

Second, Orellana-Torres contends that his rehabilitation provides an extraordinary and compelling reason for sentence reduction. (See ECF No. 1787 at 11-13.) Although the Court commends Orellana-Torres' act of "officially renounc[ing] his gang affiliation" (id. at 11), it does not find this fact sufficient for sentence reduction. Additionally, the Court notes that as recently as May 25, 2023, "defendant participated in a multi-person gang assault of another MS-13 member, which caused that person to have numerous contusions and abrasions to his head and body." (ECF No. 1803 at 5; Id., Ex. 6.) For these reasons, the Court finds that Orellana-Torres' rehabilitation is insufficient to warrant sentence reduction.

Third, Orellana-Torres argues that sentencing disparities within this District, and between himself and his co-defendants, justify sentence reduction under U.S.S.G. § 1B1.13(b) and Section 3553(a). (ECF No. 1787 at 13.) The Court again disagrees and finds that Defendant's sentence is consistent with sentences in this District for similar conduct. See, e.g., United States v. Reynaldo Lopez Alvarado, 16-CR-403-4 (Defendant sentenced to 32 years' custody for his role in one murder and one attempted murder); United States v. Jonathan Hernandez, 16-CR-403-8 (defendant pleaded guilty to committing two murders and one attempted murder was sentenced to 43.3 years); United States v. Jeffrey Amador, 16-CR-403-15 (defendant pleaded guilty to 2 murders and an attempted murder, and was sentenced to 35 years). Additionally, the Court finds that disparities between Orellana-Torres and his co-defendants are justified in light of his conduct with respect to the murder of Dexter Acheampong and the other 3553(a) factors. Thus, the Court rejects Defendant's argument that sentencing disparities justify sentence reduction.

Fourth, Orellana-Torres contends in his supplemental motion that his "traumatic and atrocious upbringing" are sufficient reasons to reduce his sentence. (ECF No. 1799, Ex. A.) While the Court credits that Defendant's childhood was indeed traumatic, these facts were already made known to and addressed by the sentencing Court. (See ECF No. 1803, Ex. 4 ("Sent. Tr.") 8-10,

5

18-19) (describing Defendant's "tumultuous life in El Salvador.") The Court thus finds that Defendant's personal historical experiences do not justify a reduction in his sentence.

Therefore, for the foregoing reasons, the Court holds that Orellana-Torres does not establish any extraordinary and compelling reasons warranting sentence reduction.

### C. § 3553(a) Factors

Furthermore, even if Orellana-Torres had carried his burden and shown "extraordinary and compelling reasons," the Court would still deny his motion because the § 3553(a) factors weigh heavily against his early release from prison. Specifically, the Court again notes the incident report describing Defendant's participation in the assault of another inmate on May 25, 2023. (See ECF No. 1803, Ex. 6.) Additionally, the Court finds that the Orellana-Torres' history of "extreme violence" ultimately carries the day as to the Court's assessment of the risk he would pose to society if at liberty. (Sent. Tr. 20.) For these reasons, the Court holds that Orellana-Torres' history weighs decidedly against releasing him on the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)(2)(C).

## II. CONCLUSION

As such, the Court agrees with the Government and DENIES Orellana-Torres' motion. Additionally, to the extent Mr. Orellana-Torres moves for appointment of counsel (see ECF No. 1799), that request is denied. "Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel." United States v. Prussick, No. 20-CR-00048, 2024 WL 2188700, at *5 (E.D.N.Y. May 15, 2024) (quoting United States v. Ross, No. 15 CR. 95, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024) (citing cases)).

The Clerk of Court is respectfully directed to close ECF Nos. 1787 and 1799. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Orellana-Torres at his address of record.

**SO ORDERED.**
Dated:   April 3, 2025
         Central Islip, New York

                                                          /s/ JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE